David H. Bundy (Alaska Bar 7210043)
DAVID H. BUNDY, P.C.
3201 C Street, Suite 301
Anchorage, Alaska 99503
Telephone: (907) 248-8431
Facsimile: (907) 248-8434
Email: dhb@alaska.net

James I. Stang (CA Bar 94435)
Hamid R. Rafatjoo (CA Bar 181564)
Gillian N. Brown (CA Bar 205132)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jstang@pszjlaw.com
hrafatjoo@pszjlaw.com
gbrown@pszjlaw.com

Attorneys for the Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaskan religious corporation sole,<br><br>Debtor | CHAPTER 11<br><br>Case No. 08-00110-DMD<br>Adv. No. 09-____________ |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br><br>v.<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaskan religious corporation sole; MONROE FOUNDATION; | |

SAINT IGNATIUS PARISH (Alakanuk); SAINT )
TERESA PARISH (Aniak); SAINT PATRICK )
PARISH (Barrow); IMMACULATE )
CONCEPTION PARISH (Bethel); SAINT )
CATHERINE OF SIENA PARISH (Chefornak); )
SACRED HEART PARISH (Chevak); )
OUR LADY OF SORROWS PARISH (Delta )
Junction); SACRED HEART )
PARISH (Emmonak); IMMACULATE )
CONCEPTION PARISH (Fairbanks); SACRED )
HEART PARISH (Fairbanks); SAINT MARK'S )
UNIVERSITY PARISH (Fairbanks); SAINT )
RAPHAEL PARISH (Fairbanks); SAINT JOHN )
BERCHMANS PARISH (Galena); HOLY MARY )
OF GUADALUPE PARISH (Healy); HOLY )
FAMILY PARISH (Holy Cross); LITTLE )
FLOWER OF JESUS PARISH (Hooper Bay); )
SAINT FRANCIS REGIS PARISH (Huslia); )
IMMACULATE CONCEPTION PARISH )
(Kalskag); SAINT TERESA PARISH (Kaltag); )
SAINT JOSEPH PARISH (Kotlik); SAINT )
FRANCIS XAVIER PARISH (Kotzebue); SAINT )
PATRICK PARISH (Koyukuk); SAINT JUDE )
PARISH (Little Diomede Island); IMMACULATE )
HEART OF MARY PARISH (Marshall); SAINT )
MICHAEL PARISH (McGrath); SAINT )
LAWRENCE PARISH (Mountain Village); SAINT )
TERESA PARISH (Nenana); HOLY FAMILY )
PARISH (Newtok); OUR LADY OF PERPETUAL )
HELP PARISH (Nightmute); SAINT JOSEPH )
PARISH (Nome); SAINT NICHOLAS PARISH )
(North Pole); OUR LADY OF THE SNOWS )
PARISH (Nulato); SAINT PETER PARISH )
(Nunam Iqua); SAINT CHARLES SPINOLA )
PARISH (Pilot Station); SAINT PETER IN )
CHAINS PARISH (Ruby); OUR LADY OF )
GUADALUPE PARISH (Russian Mission); )
CHURCH OF THE NATIVITY PARISH (Saint )
Marys); SAINT MICHAEL PARISH (Saint )
Michael; BLESSED SACRAMENT PARISH )
(Scammon Bay); SAINT BERNARD PARISH )
(Stebbins); SAINT ALOYSIUS PARISH (Tanana); )
SAINT ANN PARISH (Teller); HOLY ROSARY )
PARISH (Tok); SAINT PETER THE FISHERMAN)
PARISH (Toksook Bay); SAINT JOSEPH PARISH)
(TununAlaska); CHURCH OF THE HOLY )

ANGELS PARISH (Unalakleet) )
)
Defendants. )
)

**COMPLAINT FOR: (1) DECLARATORY RELIEF REGARDING OWNERSHIP OF REAL AND PERSONAL PROPERTY AND (2) SUBSTANTIVE CONSOLIDATION**

The Official Committee of Unsecured Creditors ("Committee" or "Plaintiff") alleges as follows upon knowledge with respect to itself, and upon information and belief as to all other matters:

**General Allegations**

1. Plaintiff brings this adversary proceeding to remedy a number of harms that Defendant the Catholic Bishop of Northern Alaska, an Alaskan religious corporation sole, aka the Diocese of Fairbanks ("Diocese" or "Debtor"), its officers, directors, employees, and related entities (collectively, the Defendants") have all perpetuated at the expense of the men and women who have claims against the Diocese for childhood sexual and physical abuse (the "Survivors").

2. In the period leading up to the Diocese's filing for chapter 11 bankruptcy protection on March 1, 2008, the Diocese attempted to hide its assets from the Survivors whose claims the Diocese long knew constituted the vast bulk of its liabilities. The Diocese, its Bishop, and its Director of Finance took a lesson from bankruptcy cases of other dioceses to divest, shield, and lessen the availability of resources for these Survivors. They did this by amending the Diocese's Articles of Incorporation on April 4, 2007 (less than one year prior to the commencement of the bankruptcy) to assert that the Diocese – the owner of record of all of the real property located at each parish in the Diocese – only held that property for the benefit of the parishes, missions, schools and other "public juridic persons". They also caused the filing of "notices of beneficial ownership" to further the charade that Diocese-owned real property belongs to its parishes. In addition, settlors created a trust for the benefit of parishes into which

it funneled $3 million from the Diocese's own accounts. All the while, the Diocese continued to transfer its funds to its parishes.

3. Underlying all of these attempts to divest, shield, and lessen assets is a great sham. The Diocese maintains that its parishes (the "Parishes") are legal entities separate from the Diocese and not unincorporated divisions of the Diocese. This contention is contradicted by the 2,000-year history of the Catholic Church, and the Diocese's own history, practices and procedures.

4. For these reasons, Plaintiff brings this Complaint seeking declaratory relief concerning the ownership of real property and personal property within the Diocese and seeking declaratory relief to substantively consolidate the Diocese and the Parishes.

## The Parties

5. Plaintiff is an official committee of unsecured creditors designated as the Official Committee of Unsecured Creditors. Plaintiff's constituents include creditors of the Diocese who filed tort-based lawsuits and/or have claims against the Diocese based upon sexual abuse.

6. Upon information and belief, Defendant Diocese is a corporation sole organized under the laws of the State of Alaska. The Diocese is the debtor in the above-captioned chapter 11 bankruptcy case, which the Diocese voluntarily filed on March 1, 2008.

7. Upon information and belief, Bishop Donald Kettler has been the sole director of Defendant Diocese since 2002.

8. Upon information and belief, the remaining defendants contend that they are separate entities from the Diocese.

a. Upon information and belief, Defendant Saint Ignatius Parish in Alakanuk, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Ignatius Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Ignatius Parish as a defendant in this Complaint solely for purposes of the claim for

declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

b. Upon information and belief, Defendant Saint Teresa Parish in Aniak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Teresa Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Teresa Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

c. Upon information and belief, Defendant Saint Patrick Parish in Barrow, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Patrick Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Patrick Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

d. Upon information and belief, Defendant Immaculate Conception Parish in Bethel, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Immaculate Conception Parish is an entity separate and distinct from the Debtor. Plaintiff names Immaculate Conception Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

e. Upon information and belief, Defendant Saint Catherine of Siena Parish in Chefornak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Catherine of Siena Parish is an entity separate and distinct from the Debtor.

Plaintiff names Saint Catherine of Siena Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

f. Upon information and belief, Defendant Sacred Heart Parish in Chevak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Sacred Heart Parish is an entity separate and distinct from the Debtor. Plaintiff names Sacred Heart Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

g. Upon information and belief, Defendant Our Lady of Sorrows Parish in Delta Junction, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Our Lady of Sorrows Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of Sorrows Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

h. Upon information and belief, Defendant Sacred Heart Parish in Emmonak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Sacred Heart Parish is an entity separate and distinct from the Debtor. Plaintiff names Sacred Heart Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

i. Upon information and belief, Defendant Immaculate Conception Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that

Defendant Immaculate Conception Parish is an entity separate and distinct from the Debtor. Plaintiff names Immaculate Conception Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

j. Upon information and belief, Defendant Sacred Heart Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Sacred Heart Parish is an entity separate and distinct from the Debtor. Plaintiff names Sacred Heart Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

k. Upon information and belief, Defendant Saint Mark's University Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Mark's University Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Mark's University Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

l. Upon information and belief, Defendant Saint Raphael Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Raphael Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Raphael Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

m. Upon information and belief, Defendant Saint John Berchmans Parish in Galena, Alaska alleges that it is an unincorporated association consisting of certain unidentified

individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint John Berchmans Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint John Berchmans Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

n. Upon information and belief, Defendant Holy Mary of Guadalupe Parish in Healy, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy Mary of Guadalupe Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Mary of Guadalupe Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

o. Upon information and belief, Defendant Holy Family Parish in Holy Cross, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy Family Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Family Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

p. Upon information and belief, Defendant Little Flower of Jesus Parish in Hooper Bay, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Little Flower of Jesus Parish is an entity separate and distinct from the Debtor. Plaintiff names Little Flower of Jesus Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

q. Upon information and belief, Defendant Saint Francis Regis Parish in Huslia, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Francis Regis Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Francis Regis Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

r. Upon information and belief, Defendant Immaculate Conception Parish in Kalskag, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Immaculate Conception Parish is an entity separate and distinct from the Debtor. Plaintiff names Immaculate Conception Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

s. Upon information and belief, Defendant Saint Teresa Parish in Kaltag, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Teresa Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Teresa Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

t. Upon information and belief, Defendant Saint Joseph Parish in Kotlik, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Joseph Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Joseph Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief

regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

u. Upon information and belief, Defendant Saint Francis Xavier Parish in Kotzebue, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Francis Xavier Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Francis Xavier Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

v. Upon information and belief, Defendant Saint Patrick Parish in Koyukuk, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Patrick Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Patrick Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

w. Upon information and belief, Defendant Saint Jude Parish in Little Diomede Island, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Jude Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Jude Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

x. Upon information and belief, Defendant Immaculate Heart of Mary Parish in Marshall, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Immaculate Heart of Mary Parish is an entity separate and distinct from the Debtor.

Plaintiff names Immaculate Heart of Mary Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

y. Upon information and belief, Defendant Saint Michael Parish in McGrath, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Michael Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Michael Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

z. Upon information and belief, Defendant Saint Lawrence Parish in Mountain Village, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Lawrence Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Lawrence Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

aa. Upon information and belief, Defendant Saint Teresa Parish in Nenana, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Teresa Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Teresa Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

bb. Upon information and belief, Defendant Holy Family Parish in Newtok, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy

Family Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Family Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

cc. Upon information and belief, Defendant Our Lady of Perpetual Help Parish in Nightmute, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Our Lady of Perpetual Help Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of Perpetual Help Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

dd. Upon information and belief, Defendant Saint Joseph Parish in Nome, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Joseph Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Joseph Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

ee. Upon information and belief, Defendant Saint Nicholas Parish in North Pole, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Nicholas Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Nicolas Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

ff. Upon information and belief, Defendant Our Lady of the Snows Parish in Nulato, Alaska alleges that it is an unincorporated association consisting of certain unidentified

individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Our Lady of the Snows Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of the Snows Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

gg. Upon information and belief, Defendant Saint Peter Parish in Nunam Iqua, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Peter Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Peter Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

hh. Upon information and belief, Defendant Saint Charles Spinola Parish in Pilot Station, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Charles Spinola Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Charles Spinola Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

ii. Upon information and belief, Defendant Saint Peter in Chains Parish in Ruby, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Peter in Chains Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Peter in Chains Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

jj. Upon information and belief, Defendant Our Lady of Guadalupe Parish in Russian Mission, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Our Lady of Guadalupe Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of Guadalupe Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

kk. Upon information and belief, Defendant Church of the Nativity Parish in Saint Marys, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Church of the Nativity Parish is an entity separate and distinct from the Debtor. Plaintiff names Church of the Nativity Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

ll. Upon information and belief, Defendant Saint Michael Parish in Saint Michael, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Michael Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Michael Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

mm. Upon information and belief, Defendant Blessed Sacrament Parish in Scammon Bay, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Blessed Sacrament Parish is an entity separate and distinct from the Debtor. Plaintiff names Blessed Sacrament Parish as a defendant in this Complaint solely for purposes of the

claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

nn. Upon information and belief, Defendant Saint Bernard Parish in Stebbins, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Bernard Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Bernard Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

oo. Upon information and belief, Defendant Saint Aloysius Parish in Tanana, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Aloysius Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Aloysius Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

pp. Upon information and belief, Defendant Saint Ann Parish in Teller, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Ann Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Ann Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

qq. Upon information and belief, Defendant Holy Rosary Parish in Tok, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy Rosary Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Rosary

Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

rr. Upon information and belief, Defendant Saint Peter the Fisherman Parish in Toksook Bay, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Peter the Fisherman Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Peter the Fisherman Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

ss. Upon information and belief, Defendant Saint Joseph Parish in Tununak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Joseph Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Joseph Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

tt. Upon information and belief, Defendant Church of the Holy Angels Parish in Unalakleet, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Church of the Holy Angels Parish is an entity separate and distinct from the Debtor. Plaintiff names Church of the Holy Angels Parish as a defendant in this Complaint solely for purposes of the claim for declaratory relief regarding its status vis-à-vis the Diocese, and to plead claims based on the contention that it is an entity separate and distinct from the Debtor.

uu. The Defendants named at paragraphs a to tt, above, shall be referred to collectively as the “Parishes.”

## **Jurisdiction and Venue**

9. This Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

10. The instant adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because the instant adversary proceeding is a core proceeding arising in a bankruptcy case pending in the District of Alaska.

## **Factual Background**

12. On March 1, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq.

13. The Diocese contends that the Parishes are: (1) legal entities separate from the Debtor or (2) are not property not belonging to the Debtor. Upon information and belief, Plaintiff alleges that the Parishes are not legal entities separate from the Debtor or are property of the Debtor. Rather, Plaintiff alleges that the Parishes are merely operating divisions of the Diocese and/or real or personal property of the Diocese, and thus, property of the estate.

14. On March 2, 2008, the Debtor filed its Statement of Financial Affairs. *See* Docket No. 29 in the above-captioned bankruptcy case. The Diocese's Statement of Financial Affairs, Form 7, Line 14 (the "Line 14") sets forth the Diocese's designation of "property held for another person."

15. On April 23, 2008, the Diocese filed, among other things, an Amended Schedule B for its Schedules of Assets and Liabilities (the "Amended Schedule B"). *See* Docket No. 132 in the above-captioned bankruptcy case. The Diocese's Amended Schedule B sets forth certain personal property that the Diocese contends is restricted and that the Diocese allegedly cannot use for general purposes.

16. Upon information and belief, Plaintiff alleges that the real property identified in Line 14 as belonging to Parishes and the real property where all of the Parishes are located (the "Disputed Real Property") is, in fact, owned by the Diocese.

17. Upon information and belief, Plaintiff alleges that all of the personal property that the Parishes claim to own and/or that is located at or on the Disputed Real Property (the "Disputed Personal Property") is, in fact, owned by the Diocese.. This Disputed Personal Property includes, but it not limited to, appurtenances to the Disputed Real Property, furniture, books, relics, artwork, vestments, cash, bank accounts, investments, trusts, estates, endowment funds, and custodial funds.

18. In particular, and upon information and belief, Plaintiff alleges that the Disputed Personal Property includes, but is not limited to the following personal property, some of which is listed on Line 14, Schedule B and Amended Schedule B, and/or the Diocese's website:

a. The Endowment (established in or about 1980) and various pooled investments of funds relating to the Endowment;

b. Diocese's Operating Account 7466, held at First National Bank of Alaska;

c. CSF's Operating Account 7557, held at First National Bank of Alaska;

d. All amounts listed on the Diocese's Amended Schedule B that are unspecified but that the Diocese contends are allegedly "temporarily restricted by donors";

e. Current Fund Investments;

f. Renewal and Replacement Fund Investments;

g. Accumulated retained earnings from Endowment trust funds held in a pooled investment portfolio;

h. Alleged custodial funds that the Diocese contends, in Line 14 of its Statement of Financial Affairs, that it is holding for the following:

(1) Diocesan Rice Bowl Reserve;

(2) Third World Store;

(3) Campaign for Human Development;

(4) Bishop Kettler Funds

(5) Lay Spirituality Religious Association; and

(6) Aid to Latin America.

i. Diocesan Priest Retirement Trust (principal and retained income located in various pooled investments);

j. Monroe Foundation Endowment (principal and retained income located in various pooled investments); and

k. 102 relics located at Immaculate Conception Parish.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief: The Disputed Real Property)**

19. Plaintiff repeats and realleges the allegations of each of the preceding paragraphs as if fully set forth herein.

20. The Diocese did not include the Disputed Real Property in its Schedules of Assets and Liabilities (as amended) as property of the estate.

21. Plaintiff contends that the Disputed Real Property is property of the Diocese's estate.

22. A dispute exists as to whether the Disputed Real Property is property of the estate.

23. Therefore, Plaintiff respectfully seeks an order of this Court declaring that the Disputed Real Property is property of the estate.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief: the Disputed Personal Property)**

24. Plaintiff repeats and realleges the allegations of each of the preceding paragraphs as if fully set forth herein.

25. The Diocese did not include the Disputed Personal Property in its Schedules of Assets and Liabilities (as amended) as property of the estate.

26. Plaintiff contends that the Disputed Personal Property is property of the Diocese's estate.

27. A dispute exists as to whether the Disputed Personal Property is property of the estate.

28. Therefore, Plaintiff respectfully seeks an order of this Court declaring that the Disputed Real Property is property of the estate.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Relief re Parishes)**

29. Plaintiff repeats and realleges the allegations of each of the preceding paragraphs as if fully set forth herein.

30. The constituents represented by the Plaintiff dealt with the Diocese and the Parishes as a single entity.

31. Upon information and belief, Plaintiff alleges that the Parishes are unincorporated divisions and/or instrumentalities of the Diocese, with no separate existence apart from the Diocese.

32. Upon information and belief, Plaintiff alleges that the Diocese's affairs are so entangled with those of each of the Parishes that substantive consolidation of the Diocese and each of the Parishes will benefit Plaintiff and all of the Diocese's creditors, including, but not limited to, Plaintiff's constituency.

33. Upon information and belief, Plaintiff alleges that no harm will come to the Diocese or the Parishes should this Court enter an order of substantive consolidation because these entities are already so entirely entangled.

34. Upon information and belief, substantive consolidation will allow a truly equitable distribution of assets among the Diocese's creditors by treating the Diocese and the Parishes as a single entity.

35. Therefore, Plaintiff respectfully seeks an order of this Court ordering a determination that the Parishes have no separate existence apart from the Diocese or, in the alternative, ordering substantive consolidation, of the Diocese's estate with the Parishes.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. Declaring that the Disputed Real Property is property of the estate under 11 U.S.C. § 541(a)(1) as of March 1, 2008.

2. Declaring that the Disputed Personal Property is property of the estate under 11 U.S.C. § 541(a)(1) as of March 1, 2008.

3. Declaring that the Parishes have no existence separate from the Diocese, or in the alternative, ordering substantive consolidation of the Diocese's bankruptcy estate with the Parishes.

4. Granting such other and further relief as is just and proper.

Dated: September 17, 2009

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ James I. Stang

James I. Stang (CA Bar No. 94435)
Hamid R. Rafatjoo (CA Bar No. 181564)
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

Attorneys for Official Committee of
Unsecured Creditors

Dated: September 17, 2009

DAVID H BUNDY, P.C.

By /s/ David H. Bundy
David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
3201 C Street, Suite 301
Anchorage, AK 99503
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Attorneys for Official Committee of
Unsecured Creditors